UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KALLIOPE NICHOLAS )
    Plaintiff, )
)
v. ) CIVIL ACTION NO.
) 05 10814 RGS
HOME DEPOT USA, INC. )
    Defendant. )

## HOME DEPOT USA, INC.'S
## ANSWER AND JURY DEMAND

Home Depot USA, Inc., incorrectly sued herein as "Home Depot, Inc." ("Home Depot") responds to the plaintiff's complaint as follows:

1. Home Depot lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1.

2. Home Depot admits that Home Depot USA, Inc. operates retail stores, including a store in Watertown, Massachusetts.

3-4. Denied.

5. Paragraph 5 states a conclusion of law to which no response is required of Home Depot. To the extent a response is required, Home Depot denies the allegations in paragraph 5.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims against Home Depot upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of service and/or service of process.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by acts or omissions of third persons over whom Home Depot exercised no control and for whose conduct it bears no responsibility.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part on any theory of negligence because her own conduct caused or contributed to cause the alleged injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by the intervening and superseding actions of third persons.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because her conduct alone or in conjunction with the conduct of third parties was the sole proximate cause of her alleged injuries and damages.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff failed to take reasonable and appropriate action to mitigate the injuries and damages she allegedly sustained as a result of the alleged accident.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because Home Depot had no notice of the condition the plaintiff alleges to have been defective.

## JURY DEMAND

Home Depot demands a trial by jury on all issues.

Dated: April 27, 2005

HOME DEPOT USA, INC.
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

_/s/ Christopher A. Callanan_
James M. Campbell, BBO # 541882
Brian P. Voke, BBO# 544327
Christopher A. Callanan, BBO # 630649
One Constitution Plaza
Boston, MA 02129
617-241-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on April 27, 2005.

J. Michael Conley
Kenney & Conley
100 Grandview Road
Braintree, MA  02184

_/s/ Christopher A. Callanan_
Christopher A. Callanan