UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KALLIOPE NICHOLAS,<br><br>Plaintiff,<br><br>V.<br><br>HOME DEPOT USA, INC.,<br><br>Defendant. | CIVIL ACTION NO. 05 10814 RGS |

## JOINT STATEMENT

Pursuant to Local Rule 16.1(D) of the Local Rules of the United States District Court of Massachusetts, counsel for the above-named parties propose a joint Discovery Plan and Motion Schedule as follows:

1.  **Joint Discovery Plan and Motion Schedule**

    The parties propose the following pre-trial schedule:

    (a) Automatic document disclosure to be completed on or before July 31, 2005;

    (b) Amendments and/or Supplements to the pleadings may be filed by October 31, 2005, subject to the provisions of the Federal Rules of Civil Procedure;

    (c) Written discovery requests are to be served by October 31, 2005 and answers/responses are to be filed according to applicable FRCP;

    (d) All depositions are to be completed by March 31, 2006; except for depositions of expert witnesses as set forth in (e);

    (e) The Plaintiff's trial experts are to be designated by February 28, 2006, and the Defendant's expert witnesses are to be designated sixty (60) days after

       Plaintiff discloses said expert(s) as contemplated by FRCP, Rule 26(b)(4)(A)(I); expert depositions are to be completed by May 31, 2006;

(f)   Discovery is to be completed May 31, 2006 unless shortened or enlarged by Order of this Court;

(g)   Motions for Summary Judgment, if any, are to be filed by June 30, 2006, and responses are to be filed twenty (20) days thereafter pursuant to Local Rule 7.1, and all filings must conform to the requirements of L.R. 56.1;

(h)   A final pre-trial conference will be held in July of 2006.

2. As the action is presently constituted, each party intends to take approximately ten (10) depositions per Local Rule 26.1(C) excluding record keeper depositions (for documents and not testimony) during the discovery period. Although the parties agree that formally phased discovery is not necessary in this action, early discovery will focus on identifying all appropriate parties so that all eventual parties may participate fully in substantive discovery without duplication.

3. Certifications regarding each party's consultation with counsel regarding budgets and alternative dispute resolution will be filed separately.

4. At this time, the parties have not agreed to proceed before a Magistrate Judge of this Honorable Court.

5. Because the Plaintiff, Kalliope Nicholas, has not reached a documented medical end result, the parties are in agreement that the case is not ripe for settlement and request leave of the Court to defer exchanges of settlement proposals until after Ms. Nicholas achieves a stable medical end result.

Respectfully submitted,

Plaintiff,
**KALLIOPE NICHOLAS,**
By her attorney,

_____
J. Michael Conley (BBO# 094090)
Kenney & Conley, P.C.
100 Grandview Road, Suite 218
Post Office Box 9139
Braintree, MA 02185-9139
Telephone: 781-848-9891

Defendant,
**HOME DEPOT USA, INC.,**
By its attorney,

_____
Christopher A. Callanan (BBO# 630649)
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Plaza
Boston, MA 02129
Telephone: 617-241-3000

Dated: June 1, 2005